UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| OLIVER WYMAN, INC., <br><br> Plaintiff, <br><br> v. <br><br> RED X HOLDINGS, LLC, <br><br> Defendant. | C17-123 TSZ <br><br> ORDER |

THIS MATTER comes before the Court on defendant's motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and (h)(3) for lack of subject matter jurisdiction, docket no. 11. Having reviewed the Complaint and the exhibits attached thereto, as well as all papers filed in support of and in opposition to defendant's motion, the Court enters the following Order.

**Background**

Plaintiff Oliver Wyman, Inc. ("Oliver Wyman") seeks a declaratory judgment that U.S. Patent No. 8,813,008 B2 ("the '008 Patent") is invalid and that Oliver Wyman has not infringed, or contributed to or induced infringement of, the '008 Patent. Defendant Red X Holdings, LLC ("Red X") is the assignee of the '008 Patent, which discloses a computer-implemented method for detecting design conflicts of a product or a process.

ORDER - 1

*See* '008 Patent at Cols. 18–21, Ex. A to Compl. (docket no. 1-1). Red X's parent company, Shainin II LLC, previously employed Richard Hell as its Chief Executive Officer ("CEO"). Compl. at ¶ 17 (docket no. 1); *see also* Def.'s Corp. Disclosure Statement (docket no. 23). Mr. Hell also served as a managing director for Shainin GmbH, a German subsidiary of Shainin II LLC. Compl. at ¶ 17. On September 29, 2015, Mr. Hell separated from Shainin II LLC (and apparently Shainin GmbH), *see* Ex. B to Compl. (docket no. 1-1); *see also* Compl. at ¶ 17, and a few days later, on October 1, 2015, he began working as a vice president for Oliver Wyman. Compl. at ¶ 16.

On April 25, 2016, Shainin GmbH commenced litigation in Germany against Mr. Hell for breach of contract, alleging that Mr. Hell enticed away employees of Shainin GmbH to work for Oliver Wyman GmbH. *See* Exs. E & F to Compl. (docket no. 1-1). A criminal proceeding against Mr. Hell is also underway in Germany. *See* Gigger Decl. at ¶ 3 (docket no. 12). In July 2016, Mr. Hell published an article titled "A Paradigm Shift to Technical Risk Management," which was publicly available on Oliver Wyman's website. *See* Compl. at ¶ 21 & Ex. C. On October 25, 2016, counsel for Red X sent a letter to Oliver Wyman's President and CEO, Chief Operating Officer, and General Counsel, quoting a passage from Mr. Hell's article and stating, in relevant part:

> We would like to draw your attention to a couple of facts relating to your actual or intended use of function models for conflict detection. First, Red X owns patents directed to the use of function models for conflict detection, including [the '008 Patent]. . . .
>
> Second, the Oliver Wyman article discussed above identifies Richard Hell as the author. As you know Mr. Hell is the former CEO of Shainin II, LLC, which is the parent company of Red X. And, as CEO, Mr. Hell had knowledge of the application that issued as the '008 Patent

ORDER - 2

> . . . . Thus, Oliver Wyman may be liable for willful infringement . . . in the event that its use of function models for conflict detection products or services infringes the '008 Patent . . . .
>
> Red X respects the intellectual property rights of others, and expects that Oliver Wyman will likewise respect and not infringe Red X's intellectual property rights. Accordingly, Oliver Wyman should seriously consider the applicability of Red X's patent rights with respect to Oliver Wyman's current and future activities directed at the use of function models for conflict detection.

Ex. D to Compl. (docket no. 1-1).

Oliver Wyman initiated this action on January 27, 2017. On February 28, 2017, counsel for Red X wrote to counsel for Oliver Wyman and explained:

> In connection with Shainin GmbH's investigation of Mr. Hell's conduct, it discovered an article written by him which, *inter alia*, was the subject of Red X's October 25, 2016 letter to Oliver Wyman. The purpose of Red X's letter was to provide Oliver Wyman with notice of U.S. Patent No. 8,813,008 . . . – not to assert that any Oliver Wyman conduct infringed the '008 Patent. Indeed, the letter simply identified Red X as the owner of the '008 Patent and provided Oliver Wyman with notice thereof so that Oliver Wyman would have an opportunity to avoid engaging in conduct covered by the claims of the '008 Patent . . . . At no point did Red X's letter assert that Oliver Wyman actually infringed the '008 Patent . . . . Notice of patent rights is not the same thing as notice of infringement.

Ex. 1 to Gigger Decl. (docket no. 12-1). Counsel for Red X suggested that the parties enter into a settlement agreement whereby Red X would covenant not to sue Oliver Wyman for infringement of the '008 Patent as long as Oliver Wyman's representation that it does not use computer/processor-implemented methods was true, accurate, and complete, and Oliver Wyman would dismiss this action. <u>Id.</u>; <u>see also</u> Ex. 2 to Gigger Decl. (docket no. 12-2). Oliver Wyman declined to agree to the terms Red X proposed, taking the position that Red X's "covenant not to sue" is meaningless because it requires

ORDER - 3

Oliver Wyman to prove that it is not now infringing the '008 Patent.  See Ex. 3 to Gigger Decl. (docket no. 12-3); see also Pla.'s Resp. at 2-3 (docket no. 19 at 7-8).

**Discussion**

Pursuant to the Declaratory Judgment Act (the "DJA"), the Court "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."  28 U.S.C. § 2201.  To be justiciable under the DJA, a dispute must be "definite and concrete, touching the legal relations of parties having adverse legal interests," and must be "real and substantial," seeking "specific relief through a decree of conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts."  *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (quoting *Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*, 300 U.S. 227, 240-41 (1937)).  In this case, neither the Complaint nor the current record contains any allegation or evidence that Red X has asserted infringement via letter or other correspondence, has mapped any patent claim limitations against Oliver Wyman's systems, methods, or processes, has attempted to extract royalties or require execution of a license, or has even threatened suit.[1]  Rather, Red X has explicitly indicated a reluctance to "pursue burdensome and expensive patent

---

[1] *Sunshine Kids Juvenile Prods., LLC v. Indiana Mills & Mfg., Inc.*, 2011 WL 862038 (W.D. Wash. Mar. 9, 2011), *reconsideration denied*, 2011 WL 2020761 (W.D. Wash. May 24, 2011), on which Oliver Wyman relies, is distinguishable.  *Sunshine Kids* involved trade dress rights, which are "inherently ambiguous and case dependent, unlike patent issues where a very specific and detailed description of rights is available."  2011 WL 862038 at *3.  Moreover, in contrast to this case, in *Sunshine Kids*, explicit threats of litigation were made.  *See id.* at *5; *see also* 2011 WL 2020761 at *3.  Finally, in *Sunshine Kids*, the DJA plaintiff was put "in the position of either pursuing arguably illegal behavior or abandoning that which he claims a right to do," 2011 WL 2020761 at *3-*4, whereas in this case, Oliver Wyman can continue to employ its "purely 'manual' functions," *see* Ex. 1 to Gigger Decl. (docket no. 12-1), without risk of liability for patent infringement.

litigation when it has gone on record to state that there is no infringement." Ex. 2 to Gigger Decl. (docket no. 12-2). The dispute involving Mr. Hell and Shainin GmbH does not involve the '008 Patent or concern the parties to this action, and Oliver Wyman's DJA claims concerning invalidity and lack of infringement merely seek advisory rulings, which the Court declines to issue.

**Conclusion**

For the foregoing reasons, defendant's motion to dismiss, docket no. 11, is GRANTED in part, and plaintiff's DJA claims are DISMISSED without prejudice for lack of subject matter jurisdiction. The Court, however, DECLINES defendant's request for attorney's fees and costs. The Clerk is DIRECTED to close this case and to send a copy of this Order to all counsel of record.

IT IS SO ORDERED.

Dated this 19th day of July, 2017.

Thomas S. Zilly
United States District Judge